UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RASHID JOHNSON**,<br><br>    Plaintiff,<br><br>vs.<br><br>**CENTRAL BUS SERVICE OF NJ, LLC.,<br>aka CENTRAL BUS SERVICE LLC,<br>JAY'S BUS SERVICE, INC., MAYER<br>GINDOFF, Individually and JAY<br>ELINSON, Individually,**<br><br>    Defendants. | **COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff RASHID JOHNSON ("Johnson" or "Plaintiff") on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants CENTRAL BUS SERVICE OF NJ, LLC., aka CENTRAL BUS SERVICE LLC ("Central"), JAY'S BUS SERVICE, INC. ("Jay's"), MAYER GINDOFF ("Gindoff") Individually, and JAY ELINSON ("Elinson"), Individually (collectively "Defendants"), and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated –non-exempt diesel mechanics - who suffered

1

damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt mechanic duties for Defendants' privately-owned school bus service and based from Defendants' location in Lakewood, Ocean County, NJ. Defendants are therefore within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, the Defendant, Central, was and remains an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendant provides school buses and drivers services to schools, camps and charters in and about New Jersey. In addition to Defendant Central using the channels of interstate commerce to buy their parts and equipment used to repair and maintain their school buses, Plaintiff and those similarly situated employees worked in interstate commerce as well, i.e., using this equipment which has moved through interstate channels so as to produce an end product, a working bus, for Defendant Central's

consumers. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

8. At all times pertinent to this Complaint, the Defendant, Jay's, was and remains an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendant provides school buses and drivers services to schools, camps and charters in and about New Jersey. In addition to Defendant Jay's using the channels of interstate commerce to buy their parts and equipment used to repair and maintain their school buses, Plaintiff and those similarly situated employees worked in interstate commerce as well, i.e., using this equipment which has moved through interstate channels so as to produce an end product, a working school bus, for Defendant Jay's consumers. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

9. Plaintiff Johnson is an adult individual who is a resident of Bayville, Ocean County, New Jersey.

10. Plaintiff was employed by Defendant Central, from in or about 2012, through in or about March, 2016.

11. Plaintiff was employed by Defendant Jay's from in or about April, 2016, through in or about June 23, 2017.

12. Upon information and belief, Defendant Central was purchased by Defendant Jay's effective in or about April, 2016.

13. Both of the Defendants were/are headquartered in Lakewood, Ocean County, New Jersey.

14. Upon information and belief, at all times relevant to this Complaint, Defendant Central employed individuals to perform labor services on behalf of the Defendants Central and Gindoff.

15. Upon information and belief, at all times relevant to this Complaint, Defendants Jay's employed individuals to perform labor services on behalf of the Defendants Jay's and Elinson.

16. Upon information and belief, at all times relevant to this Complaint, the Defendant Central's annual gross volume of sales made or business done was not less than $500,000.00.

17. Upon information and belief, at all times relevant to this Complaint, the Defendant Jay's annual gross volume of sales made or business done was not less than $500,000.00.

18. At all times relevant to this Complaint, both corporate Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

19. Upon information and belief, Defendant Gindoff, is a New Jersey state resident.

20. Upon information and belief, at all times relevant to this Complaint, individual Defendant Gindoff has been a partner, officer and/or manager of the Defendant Central.

21. Upon information and belief, at all times relevant to this Complaint, individual Defendant Gindoff has had power over personnel decisions at the Defendant Central, including the management of day to day operations, control over employee pay practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

4

22. Upon information and belief, Defendant Elinson, is a New Jersey state resident.

23. Upon information and belief, at all times relevant to this Complaint, individual Defendant Elinson has been a partner, officer and/or manager of the Defendant Jay's.

24. Upon information and belief, at all times relevant to this Complaint, individual Defendant Elinson has had power over personnel decisions at the Defendant Jay's, including the management of day to day operations, control over employee pay practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## **FACTS**

25. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff, and those similarly situated employees, for his overtime hours worked in a work week.

26. When he was working at Central, Plaintiff was paid approximately $1,000.00 per week.

27. When he worked at Central, Plaintiff Johnson routinely worked between four (4) and five (5) days per week.

28. When he worked at Central, Plaintiff Johnson routinely worked between forty-five (45) and fifty-five (55) hours per week.

29. Plaintiff Johnson earned approximately $1,000.00 per week when he was working at Jay's; however, this amount varied when he worked less than forty (40) hours.

30. Plaintiff Johnson routinely worked between four (4) and five (5) days per week when he was working at Jay's.

31. Plaintiff Johnson routinely worked between forty-five (45) and fifty-five (55) hours per week when he was working at Jay's.

32. At both Jay's and Central, Plaintiff was improperly classified as exempt and was therefore denied his overtime pay.

33. At both Jay's and Central, Plaintiff did not have the ability to hire and fire workers.

34. At both Jay's and Central, Plaintiff did not set workers' pay.

35. At both Jay's and Central, Plaintiff spent the majority of his working day doing exactly what all of Defendants' mechanics did, i.e., repair Defendants' buses.

36. Upon information and belief, employees similarly situated to Plaintiff were also improperly compensated for their overtime hours worked in excess of forty (40) each work week.

37. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

38. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

39. This cause of action is brought to recover from Defendants unpaid overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

40. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff, are in the possession and custody of Defendants.

41. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

42. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of their hours worked as well as those worked in excess of forty (40) within a work week.

43. The additional persons who may become Plaintiffs in this action are Defendants non-exempt laborers who have worked overtime hours in one or more work periods, on or after March 26, 2015, and were not improperly compensated for their overtime hours worked in excess of forty (40) within a workweek.

44. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

45. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the above Paragraphs.

46. Plaintiff is entitled to be paid one and one half times his regular rate of pay for each of his overtime hours worked per work week.

47. All similarly situated employees of the Defendants are also owed their overtime rate of pay for each and every overtime hour they worked and were not properly paid.

48. Defendants knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to them at time and one half their regular rate of pay for all of their overtime hours worked in a work week.

49. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

50. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

51. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

52. Defendants' aforementioned conduct is in violation of the NJWHL.

53. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to unpaid wages.

## JURY TRIAL

54. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff RASHID JOHNSON, and those similarly situated to her, who have or will become part of this collective action, demand judgment, against Defendants CENTRAL BUS SERVICE OF NJ, LLC., aka CENTRAL BUS SERVICE LLC, JAY'S BUS SERVICE, INC., MAYER GINDOFF, Individually and JAY ELINSON, Individually for the payment of compensation for all overtime hours due them for the hours worked for which they

8

have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: March 26, 2018 Respectfully submitted,

 s/ Jodi J. Jaffe
Jodi J. Jaffe, Esquire
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
Andrew I. Glenn, Esq.
Email: aglenn@jaffeglenn.com
New Jersey Bar No.: 026491992
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*